UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS AVIATION PARTNERS,
LLC d/b/a MILLION AIR WHITE PLAINS,

     Plaintiff,

  -against-

THE COUNTY OF WESTCHESTER,

     Defendant.

Case No. 21 Civ. 5312 (VB)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT

YANKWITT LLP

Russell M. Yankwitt
Ross E. Morrison
Benjamin C. Fishman
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.: (914) 686-1500
russell@yankwitt.com
ross@yankwitt.com
bfishman@yankwitt.com

*Counsel for Plaintiff White Plains
Aviation Partners, LLC d/b/a Million
Air White Plains*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................................. 3

ARGUMENT ........................................................................................................................ 4

    The Court Should Grant Million Air's Motion for  Leave to Amend and
    Supplement Its Complaint................................................................................................ 4

        I.     Applicable Law.................................................................................................. 4

        II.    The Court Should Grant Million Air's Motion for Leave to Amend
            Under Rule 15(a)(2)......................................................................................... 5

        III.   The Court Should Grant Million Air's Motion for Leave to Supplement
            Under Rule 15(d).............................................................................................. 5

        A. The Proposed FAC Does Not Implicate the Court's August 12, 2021 Order ...... 6

        B.    Filing the Proposed FAC Would Not Prejudice the County............................ 6

        C.    Filing the Proposed FAC Would Not Be Futile ............................................... 7

    CONCLUSION...................................................................................................................... 12

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                    Page(s)

*170 Mercer LLC v. Rialto Capital Advisors, LLC*,
   No. 20 Civ. 2496 (AJN), 2021 WL 1163649 (S.D.N.Y. Mar. 25, 2021) ................................. 8

*Apotex Corp. v. Hospira Healthcare India Private Ltd.*,
   No. 18 Civ. 4903 (JMF), 2019 WL 3066328 (S.D.N.Y. July 12, 2019) .................................. 7

*Chang v. Phoenix Satellite Television (US), Inc.*,
   No. 14 Civ. 2686 (PKC), 2014 WL 5017838 (S.D.N.Y. Sept. 22, 2014) ................................ 7

*Chen-Oster v. Goldman, Sachs & Co.*,
   251 F. Supp. 3d 579 (S.D.N.Y. 2017) ................................................................................... 7

*Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*,
   282 F.3d 83 (2d Cir. 2008) ..................................................................................................... 7

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................ 4

*Four Finger Art Factory, Inc. v. Dinicola*,
   No. 99 Civ. 1259 (JGK), 2000 WL 145466 (S.D.N.Y. Feb. 9, 2000)..................................... 8

*Hancock v. County of Rensselaer*,
   882 F.3d 58 (2d Cir. 2018) ..................................................................................................... 5

*In re Crysen/Montenay Energy Co.*,
   226 F.3d 160 (2d Cir. 2000) ................................................................................................... 5

*Kosher Ski Tours, Inc. v. Okemo Limited Liability Co.*,
   No. 20 Civ. 9815 (VB), 2021 WL 5326527 (S.D.N.Y. Nov. 16, 2021)................................... 4

*Mandala v. NTT Data, Inc.*,
   975 F.3d 202 (2d Cir. 2020) ................................................................................................... 7

*Pasternack v. Shrader*,
   863 F.3d 162 (2d Cir. 2017) ................................................................................................... 5

*Quaratino v. Tiffany & Co.*,
   71 F.3d 58 (2d Cir. 1995) ....................................................................................................... 4

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 7, 8

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 1, 4, 5

Fed. R. Civ. P. 15(d) .................................................................................................... 1, 4, 5

Plaintiff White Plains Aviation Partners, LLC d/b/a Million Air White Plains ("Million Air") respectfully submits this memorandum of law in support of its Motion for Leave to Amend and Supplement Its Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d).

## PRELIMINARY STATEMENT

Million Air moves (i) pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to amend its Complaint (Dkt. 1), by removing the breach of contract and declaratory judgment claims dismissed by the Court in its Decision and Order, entered March 11, 2022 (the "Order"; Dkt. 26); and (ii) pursuant to Rule 15(d), to supplement its Complaint to add new breach of contract and declaratory judgment claims, based solely on events that took place subsequent to the Order.

In its Complaint, Million Air, the operator of a fixed-based operation at the Westchester County Airport (the "Airport"), detailed its years-long attempt to obtain approval from the County of Westchester (the "County") to build a modern hangar on its leased premises at the Airport.  Million Air sought such approval under Section 6.2 of its 2016 lease with the County (the "Lease").  Between 2017 and 2021, the County, based on a series of ever-shifting and bad-faith positions, repeatedly denied Million Air's request to approve the hangar.  As a result, Million Air brought the instant lawsuit, asserting claims for breach of Section 6.2 and the implied covenant of good faith and fair dealing in the Lease.

In the Order, this Court sustained Million Air's claim that the County breached its duty of good faith and fair dealing, but dismissed Million Air's breach of contract claim, ruling that Section 6.2 of the Lease did not apply to the approval of requested improvements after Million Air had completed the initial construction authorized by the Lease.

On March 16, 2022, guided by the Court's governing interpretation of the Lease, Million Air requested the County's approval for construction of the new hangar pursuant to Section 5.5 of the Lease, a provision that expressly permits the construction of improvements on the leased premises and requires that the County not unreasonably withhold, condition, or delay its consent to such requested improvements.  On April 22, 2022, the County responded to Million Air's request and declined to approve it.  The County did not contest that Section 5.5 applied to Million Air's request, but instead stated that it could not yet consider the request for various reasons, none of which are consistent with the County's obligations not to unreasonably withhold consent.

Accordingly, Million Air now seeks leave to supplement its Complaint with a breach of contract claim, based on the County's breach of Section 5.5 of the Lease.  As an initial matter, Million Air's motion does not implicate the Court's Order, dated August 12, 2021, which stated that the Court would be unlikely to grant Million Air a further opportunity to amend based on the issues raised in the County's motion to dismiss the original complaint.  Here, because Million Air's proposed supplemental pleading alleges a new breach of contract claim based on facts which post-date the Court's decision on the County's motion, this new claim and the underlying facts were not addressed by the County's motion.  Moreover, given that discovery in this action has only recently commenced, and neither party has responded to requests for documents or interrogatories, the addition of this breach of contract claim would not prejudice the County.  Finally, given the County's asserted unreasonable reasons for withholding consent to Million Air's request to build the new hangar, the new breach of contract claim would not be futile.  The Court therefore should grant Million Air's motion.

2

## STATEMENT OF RELEVANT FACTS

Following the Court's Order, on March 16, 2022, Million Air, through its corporate counsel, sent a letter notifying the County of its desire to expand and modernize the out-of-date Existing Hangar on the leased premises by building the Modified Hangar,[1] and requesting the County's approval under Section 5.5 of the Lease.  (*See* Ex. B to Proposed First Am. Compl. ("Proposed FAC"), appended as Ex. 1 to the Decl. of Ross E. Morrison, dated May 16, 2022). Million Air enclosed with that letter its plans and specifications for the Modified Hangar.  (*Id.*)

Section 5.5 of the Lease  states in relevant part:

> Following the completion of the Proposed Improvements, plans and specifications for all major repairs, construction, alterations, modifications, additions or replacements (hereinafter referred to as "improvements") undertaken by the Lessee shall be submitted to and receive the written approval of the County, and no such work shall be commenced until such written approvals are obtained from the County which approval shall not be unreasonably withheld, conditioned or delayed.  County shall advise Lessee within forty (40) days after receipt of the written request, together with copies of the plans and specifications for the proposed improvements in sufficient detail to make a proper review thereof, of its approval or disapproval of the proposed work, and in the event it disapproves, stating its reasons therefor.

(Proposed FAC, Ex. A § 5.5.)

The County responded to Million Air's request by letter dated April 22, 2022, one business day short of the forty-day deadline under Section 5.5.  (Proposed FAC, Ex. C.)  In its April 22 letter, the County did not deny that Million Air had properly made its request for approval of the plans for the Modified Hangar under Section 5.5, but did not approve those plans.  (*Id.*)  Instead, the County set forth a series of purported reasons as to why its consideration of the plans would be premature.  (*Id.*).  Million Air responded to the County by

---

[1] Where not defined herein, capitalized terms have the same meaning as assigned in the Complaint and the Proposed FAC.

letter dated May 13, 2022, and demonstrated that the County's purported objections to

considering Million Air's request at this time were all unfounded and unreasonable, and

therefore in breach of the County's obligations under Section 5.5 not to unreasonably withhold

consent to Million Air's request.  (Proposed FAC, Ex. D.)

**ARGUMENT**

**The Court Should Grant Million Air's Motion for
Leave to Amend and Supplement Its Complaint**

**I.      Applicable Law**

Under Federal Rule of Civil Procedure 15(a)(2), where, as here, more than 21 days have

passed since service of a motion to dismiss under Rule 12(b), a party seeking to amend its

complaint must either obtain the opposing party's consent or seek leave from the court, which

"should freely give leave when justice so requires."  Under Rule 15(d), a court, upon motion,

"may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

occurrence, or event that happened after the date of the pleading to be supplemented."  A motion

to supplement a pleading under Rule 15(d) should be granted "when the supplemental facts

connect it to the original pleading."  *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

As this Court has found, the same standard applies to motions to amend under Rule

15(a)(2) and to supplement under Rule 15(d) – that is, absent "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

futility of amendment," the leave sought should "be freely given."  *Kosher Ski Tours, Inc. v.

Okemo Limited Liability Co.*, No. 20 Civ. 9815 (VB), 2021 WL 5326527, at *2 (S.D.N.Y. Nov.

16, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Quaratino*, 71 F.3d at 66).

Indeed, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quotation marks omitted).  To demonstrate prejudice, the party opposing the amendment or supplemented pleading must demonstrate that the new claim would require the expenditure of "significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute."  *Id.*  In addition, the Second Circuit in *Pasternack* held that "mere delay" or additional "litigation expense," absent a showing of bad faith, does not justify denying a motion to amend or supplement a pleading.  *Id.*

## II.     The Court Should Grant Million Air's Motion for Leave to Amend Under Rule 15(a)(2)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Million Air seeks leave to amend its Complaint to conform it to the Court's Order by removing the dismissed breach of contract and declaratory judgment claims from that pleading.[2]

## III.    The Court Should Grant Million Air's Motion for Leave to Supplement Under Rule 15(d)

Million Air also seeks pursuant to Federal Rule of Civil Procedure 15(d) to supplement its Complaint by alleging facts "that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Specifically, Million Air seeks to supplement its Complaint with a breach of contract claim based on the County's unreasonable disapproval under Section 5.5 of the Lease of Million Air's proposed plans for the Modified Hangar on April 22, 2022.  Because the filing

---

[2] Under well-established law, Million Air, by this amendment, does not waive its right to appeal the dismissal of those claims.  *See Hancock v. County of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) ("Although it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect, we do not require futile repleading of a claim that has been dismissed with prejudice. Thus, the fact that Appellants' amended complaint lacked the CFAA cause of action does not amount to a waiver of that cause of action for purposes of appellate review."); *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000).

of the Proposed FAC would not prejudice the County or be futile, the Court should grant this motion.

### A.      The Proposed FAC Does Not Implicate the Court's August 12, 2021 Order

As an initial matter, Million Air's proposed supplemental Complaint does not implicate the Court's Order, dated August 12, 2021 (Dkt. 19).  In that Order, the Court noted that, if Million Air chose to oppose the County's motion to dismiss rather than amending its complaint at that time, the Court would be "unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion."

Million Air's proposed supplemental pleading alleges new facts – namely, Million Air's request for approval of the plans for the Modified Hangar under Section 5.5, and the County's unreasonable withholding of its approval, all of which took place after the Court's Order of March 11, 2022.  Million Air's proposed supplemental pleading, therefore, does not address "purported deficiencies" set forth in the County's motion, which pre-dated the supplementary facts, focused on Section 6.2 of the Lease, and did not address Section 5.5.

### B.      Filing the Proposed FAC Would Not Prejudice the County

The County would not be prejudiced in any way by the filing of the Proposed FAC. Discovery has only just commenced in this case.  Indeed, the parties only recently served document requests (*see* Scheduling Order (Dkt. 32)), and to date no party had produced any documents or taken any depositions.  Moreover, the additional factual allegations that form the basis for the supplemented pleading took place only two months ago and relate to the Lease and to Million Air's request to build the Modified Hangar, issues connected to the current Complaint. Therefore, the supplementary claims will not significantly add to the parties' discovery burden.

Accordingly, there has been no undue delay and there would be no prejudice to the
County were the Court to grant Million Air's motion for leave to file the Proposed FAC. *See
Apotex Corp. v. Hospira Healthcare India Private Ltd.*, No. 18 Civ. 4903 (JMF), 2019 WL
3066328, at *10 (S.D.N.Y. July 12, 2019) (granting motion to supplement complaint with
allegations that post-dated prior complaint and finding no prejudice where, as here, defendant
had not yet produced documents or taken depositions); *Chang v. Phoenix Satellite Television
(US), Inc.*, No. 14 Civ. 2686 (PKC), 2014 WL 5017838, at *8-9 (S.D.N.Y. Sept. 22, 2014)
(granting motion for leave to file a supplemental complaint alleging new claims and finding
defendant would not be prejudiced as fact discovery was ongoing and any expense incurred by
defendants would be ordinary litigation expense); *cf. Pasternack*, 863 F.3d at 174 (reversing
district court's denial of plaintiff's motion for leave to amend, and finding that delay and
litigation expense did not constitute prejudice, and noting that no discovery had yet been
undertaken).

### C.     Filing the Proposed FAC Would Not Be Futile

Million Air's Proposed FAC would not be futile.  "A supplemental pleading is
futile when the 'proposed claim could not withstand a motion to dismiss pursuant to Rule
12(b)(6).'"  *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 593 (S.D.N.Y. 2017)
(quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir.
2008)).  Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint will survive a motion to
dismiss so long as it contain[s] sufficient factual matter . . . to state a claim for relief that is
plausible on its face."  *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020) (internal
quotation marks omitted).  That assessment requires courts to "accept the factual allegations as
true and draw all reasonable inferences in [the plaintiff's] favor."  *Id.*

7

Here, Million Air's supplemental claims for breach of contract and a declaratory judgment are based on the County's recent violation of Section 5.5 of the Lease.  The County, through its April 22, 2022 letter, violated that provision by unreasonably withholding, conditioning, and/or delaying its approval of Million Air's request pursuant to Section 5.5 that the County approve its plans to construct the Modified Hangar.  Moreover, the County's breach of Section 5.5 has caused and is causing ongoing damages to Million Air, which, as a direct result of the County's breach, is unable to expand its business and has turned away or lost customers.  Accordingly, the Proposed FAC, which states a valid claim for breach of contract and is not subject to dismissal under Rule 12(b)(6), would not be futile.  (*See* Proposed FAC ¶¶ 146-81.)

As an initial matter, whether the County acted unreasonably in withholding its approval of Million Air's request, and thereby violated Section 5.5 of the Lease, is a question of fact that is not amenable to determination on a motion to dismiss.  *See, e.g.*, *170 Mercer LLC v. Rialto Capital Advisors, LLC*, No. 20 Civ. 2496 (AJN), 2021 WL 1163649, at *4 (S.D.N.Y. Mar. 25, 2021) (denying motion to dismiss breach of contract claim alleging that defendant "unreasonably withheld" consent and thereby violated provision of contract requiring that consent not be "unreasonably withheld," since such claim created "questions of fact that remain for proof"); *Four Finger Art Factory, Inc. v. Dinicola*, No. 99 Civ. 1259 (JGK), 2000 WL 145466, at *3 (S.D.N.Y. Feb. 9, 2000) (defendant's argument that it did not violate provision of contract barring it from "unreasonably" withholding approval raised issues of fact that could not be decided on motion to dismiss).

In any event, Million Air has alleged facts that are more than sufficient to state a plausible claim that the County's withholding of its approval of Million Air's request to

construct the Modified Hangar was unreasonable, and therefore violated Section 5.5 of the Lease. The County acknowledges that Section 5.5 governs Million Air's request for approval of the Modified Hangar. That provision provides a mechanism for Million Air to request approval from the County for "all major repairs, construction, alterations, modifications, additions or replacements (hereinafter referred to as 'improvements')." That broad language encompasses the Modified Hangar. Section 5.5 also provides that the County's approval of any requests by Million Air to construct such improvements "shall not be unreasonably withheld, conditioned or delayed," and that the County is required to "advise [Million Air] within forty (40) days after receipt" of Million Air's request "of its approval or disapproval of the proposed work, and in the event it disapproves, stating its reasons therefor."

Million Air requested that the County approve its plans for the Modified Hangar on March 16, 2022 (Proposed FAC, Ex. B), and the County responded on April 22, 2022 (*id.*, Ex. C), nearly forty days later. The County set forth nine purported reasons why it would be premature to consider Million Air's request at this time. By failing to approve Million Air's request, the County in effect disapproved it. Moreover, none of the County's nine purported objections were valid or reasonable, which renders the County's withholding of its approval of Million Air's request unreasonable. Instead, as set forth below, the County's purported bases for refusing to approve Million Air's request are a mix of deficient excuses and delay tactics:

- Objections 1 and 2: According to the County, approval of the Modified Hangar was required from not only the executive branch of the County, but also the legislative branch, namely the County's Board of Legislators ("BOL"). (*Id.*, Ex. C at 1-2.) The County stated that it would therefore "transmit" Million Air's request to the BOL. (*Id.* at 2.) The County also asserted that the County's Airport Advisory Board ("AAB") had "not had an opportunity to consider" Million Air's request. (*Id.*) As with the BOL, the County stated that it would "forward" Million Air's plans to the AAB for its "input and recommendation." (*Id.*) But the Lease makes clear that, whatever bodies within the County need to review Million Air's request, such review must be complete by the forty-day

deadline imposed by Section 5.5.  The County's failure to initiate such review within that deadline, to the extent such review was required (which Million Air does not concede), was patently unreasonable.[3]

- Objections 3 and 4: In its letter, the County noted that the Modified Hangar had not yet been approved by the Federal Aviation Administration ("FAA") under the National Environmental Policy Act ("NEPA") or by the BOL under New York's State Environmental Quality Review Act ("SEQRA").  (*Id.*)  However, the Lease clearly contemplates that the County's approval or disapproval of Million Air's requested improvements occur *before* such governmental approvals are obtained. The County, in its April 22, 2022 letter, refers to Section 5.10 of the Lease, which requires Million Air, "in making all improvements," to procure required environmental approvals.  The County also references Sections 6.4 and 6.5, which state that Million Air "shall erect" improvements "subject to" Million Air obtaining environmental approvals (Section 6.4), and that the County must "assist and cooperate" with Million Air in obtaining such approvals (Section 6.5).  The only reasonable reading of these provisions is that they require Million Air to obtain environmental approvals, and the County to assist in obtaining such approvals, *after* Million Air and the County have agreed that a project should move forward.  Indeed, it would not make sense for either party to expend the effort to obtain environmental approvals prior to the County's approval of a project.  This also is consistent with customary practice in land use development projects, where a landlord approves proposed plans under a lease, and environmental conditions are attached that must be satisfied before construction can commence.  (*See* Compl. ¶¶ 78-79.)  This is because, without approved plans for a project, meaningful environmental review and approval cannot occur.  (*See id.*)  Therefore, the County's third and fourth objections were unreasonable.

- Objection 5: The County claimed it was required to evaluate unspecific requests from "other tenants" along with Million Air's, to ensure non-discrimination as between the County's lessees at the Airport, pursuant to FAA regulations.  (*Id.*)  Even if such an evaluation of other tenants' purported requests were a proper pre-condition under the Lease to consider Million Air's request – a proposition that finds no support whatsoever in the Lease – the Lease clearly requires that the County perform such an evaluation before the forty-day approval deadline set forth in section 5.5 of the Lease.  It was unreasonable for the County to disapprove of Million Air's request based on its own failure to take timely action.

- Objection 6: The County stated it could not consider Million Air's proposal until Million Air submitted certain certifications and drawings related to the already-completed Proposed Improvements.  (*Id.* at 2-3.)  As Million Air pointed out in its May 13, 2022 response to the County's objections, it had previously provided the requested documents and would provide any additional documentation required.

---

[3] As Million Air pointed out in its May 13, 2022 letter to the County, it gave notice to all of the proper parties under the Lease.  (Proposed FAC, Ex. D at 2.)

(Proposed FAC, Ex. D at 3-4.)  This request for documents related to the Proposed Improvements, especially when Million Air had fully complied with the County's previous similar requests, simply did not constitute a reasonable basis to refuse to approve Million Air's requested improvements under Section 5.5 of the Lease.

-   Objection 7: The County cited Section 6.14 of the Lease in claiming that "T-Hangars," such as the Existing Hangar, could not be removed, unless such removal was part of the initial plans for the Proposed Improvements.  (Proposed FAC, Ex. C at 3.)  But the County failed to acknowledge that Section 6.14 actually states that T-Hangars may not be removed "without County's approval which approval shall not be unreasonably withheld, delayed or conditioned." Thus, Section 6.14 simply restates what is already stated in section 5.5: the County may not unreasonably disapprove of the requested improvements.  In any event, as Million Air explained to the County, it does not seek to completely remove the Existing Hangar pursuant to Section 6.14, but instead to modify it by increasing its size.

-   Objection 8: The County pointed out that, under Section 3.1(A)(i) of the Lease, Million Air was required to "endeavor to maintain the Light General Aviation ('LGA') uses at the Premises, at their current levels," and, every five years, to "evaluate market demand for light general aviation services and agree [with the County] on adjustments as necessary." (*Id.*)  According to the County, it was "unclear" whether the Modified Hangar "would maintain those LGA capabilities and services, and/or whether it [would] be sufficient to support any changes in LGA market demand that have occurred over the past five years." (*Id.*)  In response, Million Air represented that the Modified Hangar would maintain Million Air's current LGA capabilities and services at the Airport, and that, once built, it would be sufficient to support any changes in LGA market demand that had occurred over the past five years.  (Proposed FAC, Ex. D at 4.)

-   Objection 9: Finally, the County conclusorily asserted that it would be "premature" for it to consider Million Air's request while the instant lawsuit was pending.  (Proposed FAC, Ex. C at 3.)  But the fact that this lawsuit continues is simply irrelevant to the County's obligations under Section 5.5 of the Lease to timely consider Million Air's request and either approve it or provide good-faith and rational reasons for its disapproval.

In sum, because the County unreasonably withheld, conditioned, and/or delayed its

approval of Million Air's request to construct the Modified Hangar, it violated Section 5.5 of the

Lease, which has caused Million Air damage.  (*See* Proposed FAC ¶¶ 146-81.)  As this provides

the basis for a viable breach of contract claim, the filing of the Proposed FAC would not be futile.

## CONCLUSION

The Court should grant Million Air leave to amend and supplement its Complaint by filing the Proposed FAC.

Dated:  White Plains, New York
        May 16, 2022

Respectfully submitted,

YANKWITT LLP

*/s/ Russell M. Yankwitt*
Russell M. Yankwitt
Ross E. Morrison
Benjamin C. Fishman
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:    (914) 686-1500
russell@yankwitt.com
ross@yankwitt.com
bfishman@yankwitt.com

*Counsel for Plaintiff White Plains Aviation*
*Partners, LLC d/b/a Million Air White Plains*
