**EXHIBIT D**



445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
T 914 761 1300
F 914 761 5372
cuddyfeder.com

Eon S. Nichols
enichols@cuddyfeder.com

May 13, 2022

**VIA FEDEX**
John M. Nonna, Esq.
Westchester County Attorney
148 Martine Avenue, Room 600
White Plains, New York 10601

**VIA FEDEX**
Commissioner
Department of Public Works and Transportation
148 Martine Avenue, Room 500
White Plains, New York 10601

**VIA FEDEX**
Airport Manager
Westchester County Airport
240 Airport Road
White Plains, New York 10604

**VIA FEDEX AND ELECTRONIC MAIL**
Joan McDonald
Director of Operations
Westchester County
148 Martine Avenue
White Plains, New York 10601
JMcDonald@westchestergov.com

Re:   *Agreement of Lease, dated June 1, 2016 (the "Lease"), between the County of Westchester, as landlord (the "County"), and White Plains Aviation Partners, LLC d/b/a Million Air White Plains, as tenant ("Tenant")*

Dear Ms. McDonald:

All capitalized terms used in this letter shall have the meanings ascribed to such terms in the Lease. As you know, we represent Tenant.

I write in response to your letter dated April 22, 2022, which responded to my letter dated March 16, 2022. The March 16 letter requested that, pursuant to section 5.5 of the Lease, the County consent to and approve Million Air's request to construct certain improvements to



May 13, 2022
Page 2

Million Air's leased Premises at the Westchester County Airport (the "Airport"). In particular, and as set forth in my March 16 letter, Million Air desires to modify an existing hangar located on the Premises with an updated and larger hangar.

Under section 5.5 of the Lease, the County was required to "advise [Million Air] within forty (40) days after receipt of [a] written request," i.e., by April 25, 2022, "of its approval or disapproval of the proposed work, and in the event it disapproves, stating its reasons therefor." Moreover, under section 5.5, the County's approval of requested improvements "shall not be unreasonably withheld, conditioned or delayed." Your April 22 letter, sent just before the forty-day deadline, did not approve Million Air's request to construct the improvements, but rather listed nine objections or pre-conditions to the County's consideration of the request at this time. As such, your letter has in effect disapproved Million Air's request under section 5.5 of the Lease.

The County's disapproval was unreasonable, and therefore violated section 5.5 of the Lease. We address each of your nine stated objections below.

- *Objections 1 and 2*: The County's April 22 letter states that the County's Board of Legislators ("BOL") and Airport Advisory Board ("AAB") both must consider and approve of the requested improvements, but have not yet done so. To the extent that the BOL and AAB must approve the requested improvements – which Million Air does not concede – the County was obligated to obtain either approval or disapproval from these bodies within the forty-day deadline imposed by section 5.5 of the Lease. The County failed to do that. In this regard, I note that our March 16 letter was sent to all of the required notice recipients under section 27 of the Lease, including the Commissioner of the Department of Public Works and Transportation, the Airport Manager, and the County Attorney.

- *Objections 3 and 4:* The County's letter states that the County cannot consider Million Air's requested improvements until Million Air obtains required approvals under NEPA or SEQRA for those improvements. However, the Lease clearly contemplates that the County's approval or disapproval of Million Air's requested improvements occur *before* such governmental approvals are obtained. Your letter references section 5.10 of the Lease, which requires Million Air, "in making all improvements," to procure required environmental approvals. Similarly, your letter also references sections 6.4 and 6.5 of the Lease; although neither section applies to Million Air's section 5.5 request, those sections state that Million Air "shall erect" improvements "subject to" Million Air obtaining



May 13, 2022
Page 3

environmental approvals (section 6.4), and that the County must "assist and cooperate" with Million Air in obtaining such approvals (section 6.5). The only reasonable reading of all three of these sections is that they require Million Air to obtain environmental approvals, and the County to assist in obtaining such approvals, *after* Million Air and the County have agreed that a project should move forward. Indeed, it would not make sense for either party to expend the effort to obtain environmental approvals prior to the County's approval of a project. This also is consistent with customary practice in land use development projects, where a landlord approves proposed plans under a lease, and environmental conditions are attached that must be satisfied before construction can commence. In addition, without approved plans for a project, meaningful environmental review and approval cannot occur.

In addition, with respect to objection 3, I also note that Million Air has already submitted to the County all documents and information the County has requested in connection with obtaining NEPA approval from the FAA – approval that the County, and not Million Air, must obtain.

- *Objection 5*: Your letter points out that FAA Grant Assurance 22 prohibits the County from unjustly discriminating among tenants at the Airport. Based on that Grant Assurance, you write that unspecified "requests of other tenants" must be "evaluated and addressed" before the County can approve Million Air's requested improvements. But even if such an evaluation of other tenants' purported requests was a proper pre-condition under the Lease to consider Million Air's request – a proposition which finds no support whatsoever in the Lease – the Lease clearly requires that the County perform such an evaluation before the forty-day approval deadline set forth in section 5.5 of the Lease.

- *Objection 6:* Your letter states that the County cannot consider Million Air's current proposal until Million Air completes its obligations as to the improvements already constructed at the Airport, including by submitting a certification from its supervising architect that those improvements were completed in accordance with the plan submitted to the County and the New York State Building Code, and that they are being regularly inspected. You also request a complete set of as-built drawings. Million Air has previously responded to all of the County's prior requests concerning all such documents, and provided the certifications and as-built drawings to DPW in February 2019. If additional



May 13, 2022
Page 4

> copies are needed, or additional documentation is required, please let us know. Given Million Air's prior compliance with the County's requests, this does not constitute a reasonable basis to refuse to act on Million Air's requested improvements under section 5.5 of the Lease.
>
> - *Objection 7*: Your letter cites section 6.14 of the Lease, under which T-Hangars, such as the one Million Air proposes to modify, "may not be removed or relocated without County's approval which approval shall not be unreasonably withheld, delayed or conditioned." First, as has been explained to the County, Million Air seeks to modify the existing T-Hangar, not completely remove or relocate it. But even if section 6.14 does apply, it simply restates what is already stated in section 5.5: the County may not unreasonably disapprove of the requested improvements.
>
> - *Objection 8:* In response to Objection 8, Million Air represents that the proposed hangar would maintain Million Air's current LGA capabilities and services at the Airport, and that, once built, it will be sufficient to support any changes in the LGA market demand that have occurred over the past five years.
>
> - *Objection 9*: Your letter asserts that it would be "premature" for the County to consider Million Air's requested improvements until the pending litigation between Million Air and the County is resolved. But the pending lawsuit is irrelevant to the County's obligations under section 5.5 of the Lease to timely consider Million Air's request and either approve it or provide good-faith and rational reasons for disapproval. As set forth above, the County has not provided such reasons, and the forty-day deadline under section 5.5 has passed. The County is therefore in breach of section 5.5 of the Lease.

Very truly yours,

Eon S. Nichols

ESN:tje
Enclosures
cc:     Mr. Roger Woolsey (w/out enclosures)