UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITE PLAINS AVIATION PARTNERS,
LLC d/b/a MILLION AIR WHITE PLAINS,

         Plaintiff,

  -against-

THE COUNTY OF WESTCHESTER,

         Defendant.

Case No. 21 Civ. 5312 (VB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT**

YANKWITT LLP

Russell M. Yankwitt
Ross E. Morrison
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:   (914) 686-1500
russell@yankwitt.com
ross@yankwitt.com

*Counsel for Plaintiff White Plains Aviation Partners, LLC d/b/a Million Air White Plains*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................................ 1
ARGUMENT ....................................................................................................................................... 3
    The Court Should Grant Million Air's Motion for Leave to Amend and Supplement its Complaint .......................................................................................................................... 3
      I.  The Court Should Reject the County's Undue Delay and Prejudice Arguments ............. 3
      II.  The Court Should Reject the County's Argument that Million Air's Proposed Amended and Supplemental Pleading Would Be Futile ....................................................... 5
        A.  The Court Should Reject the County's "Ripeness" Argument Because It Is Contrary to the Lease and Raises Issues of Fact ............................................................. 6
        B.  The County's Additional Futility Arguments Are Equally Fact-Intensive .................... 8
      III.  Million Air Removed All Dismissed Claims from the Proposed FAC ............................ 9
CONCLUSION .................................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                         Page(s)

*170 Mercer LLC v. Rialto Capital Advisors, LLC*,
  No. 20 Civ. 2496 (AJN), 2021 WL 1163649 (S.D.N.Y. Mar. 25, 2021) ................................... 6

*ADYB Engineered for Life, Inc. v. Edan Admin. Servs.*,
  No. 19 Civ. 7800 (MKV), 2022 WL 912127 (S.D.N.Y. Mar. 28, 2022) ................................... 5

*Bauer v. City of Rossford*,
  No. 16 Civ. 722 (JZ), 2017 WL 1179053 (N.D. Ohio Mar. 30, 2017) ......................................... 4

*Davis v. Monroe County Board of Education*,
  526 U.S. 629 (1999) ................................................................................................................... 6

*Four Finger Art Factory, Inc. v. Dinicola*,
  No. 99 Civ. 1259 (JGK), 2000 WL 145466 (S.D.N.Y. Feb. 9, 2000) ......................................... 6

*Fried v. 20 Sutton Place S., Inc.*,
  2 A.D.3d 351 (1st Dep't 2003) .................................................................................................. 6

*Harty v. West Point Realty, Inc.*,
  477 F. Supp. 3d 163 (S.D.N.Y. 2020) ......................................................................................... 4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015) ....................................................................................................... 3

*Porat v. Lincoln Towers Community Ass'n*,
  464 F.3d 274 (2d Cir. 2006) ....................................................................................................... 4

*Sabatano v. Iovate Health Scis. USA Inc.*,
  No. 19 Civ. 8924 (VB), 2020 WL 3415252 (S.D.N.Y. June 22, 2020) ...................................... 4

*Wedra v. Cree, Inc.*,
  No. 19 Civ. 3162 (VB), 2020 WL 1322887 (S.D.N.Y. Mar. 20, 2020) ...................................... 4

*Wize Eyes of Syosset, Inc. v. Turnpike Corp.*,
  66 A.D.3d 884 (2d Dep't 2009) .................................................................................................. 6

*Yurman Design Inc. v. Chaindom Enterprises, Inc.*,
  No. 99 Civ. 9307 (JFK), 2001 WL 725291 (S.D.N.Y. June 27, 2001) ................................... 4, 5

**Rules**

Fed. R. Civ. P. 15 ................................................................................................................ 1, 2, 4

Million Air respectfully submits this reply memorandum of law in further support of its Motion for Leave to Amend and Supplement Its Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d) ("Motion").

**PRELIMINARY STATEMENT**

In its opening brief, Million Air demonstrated that the Court should allow it to assert a new breach of contract claim alleging that the County violated Section 5.5 of the Lease by unreasonably withholding approval of Million Air's recent request that the County approve its plans to build the Modified Hangar.[1]  Million Air's proposed supplemental pleading satisfies the liberal standard governing such pleadings in this District:  discovery in this action has only recently commenced and the new claim therefore would not prejudice the County, and the new claim would not be futile given that the unreasonableness of the County's nine asserted reasons for withholding its consent to Million Air's request raise, at a minimum, numerous issues of fact that would be inappropriate to resolve on a motion to dismiss.

In its opposition to Million Air's Motion (Dkt. No. 44; "Opp."), the County does not argue that this Court's Order, dated August 12, 2021 (Dkt. No. 19), which held that the Court would be unlikely to grant Million Air a further opportunity to amend based on the issues raised in the County's motion to dismiss the original complaint, prohibits Million Air's Motion.  Nor does the County contend that Million Air improperly made its request under Section 5.5 of the Lease, but rather admits that section applies to Million Air's request to construct the Modified Hangar.  Likewise, the County does not, and could not plausibly argue that Million Air made this request, or filed this Motion, in bad faith.

---

[1] Capitalized terms herein have the same meanings as those used in Million Air's moving memorandum in support of the Motion.  (Dkt. No. 36; "Mem.").

1

Instead, the County makes two primary arguments, neither of which is compatible with the governing standard for amendment and supplementation under Fed. R. Civ. P. 15.  <u>First</u>, the County argues that Million Air has offered "no explanation" for its purported "undue delay" in making its breach of contract claim under Section 5.5 of the Lease.  This is patently false: Million Air's Motion makes clear that its supplementary claim is based solely on the definitive interpretation of the Lease set forth in the Court's Decision and Order, entered March 11, 2022 (the "Order"), which is now the law of the case.  Under prevailing Second Circuit authority, it was appropriate for Million Air to be guided by the Court's definitive ruling concerning the Lease.  Moreover, the County's half-hearted attempt to argue that it would be prejudiced if the Court grants Million Air's motion is baseless, given that document discovery has only recently commenced and no depositions have taken place, a procedural posture that does not justify denial of the Motion.

<u>Second</u>, the County's argument that Million Air's supplemental claims are futile because they are "unripe" in that the County has not yet made a "final decision" on Million Air's request to build the Modified Hangar, and that they fail to state a claim, is equally unavailing.  The County argues that before it can make a final decision on Million Air's request, Million Air must wait *indefinitely* for various bodies connected to the County to issue approvals or opinions as to those plans.  That assertion, however, is directly contradicted by Section 5.5 of the Lease, which requires the County to issue its approval, or a reasonable disapproval, within forty days of Million Air's request.  Moreover, while Million Air's supplemental pleading alleges that the County's nine asserted reasons for withholding consent to Million Air's request are unreasonable, resolving the issue of reasonableness would require this Court to resolve numerous factual issues on this Motion, which would directly contradict prevailing case law in this Circuit

holding that such determinations are inappropriate at this stage of the proceedings. Indeed, whether the County's nine asserted reasons provide a reasonable basis for it to withhold consent to Million Air's request are fact-intensive issues that should be adjudicated on a full evidentiary record. Accordingly, the Court should grant Million Air's Motion.

## ARGUMENT

### The Court Should Grant Million Air's Motion for Leave to Amend and Supplement its Complaint

### I. The Court Should Reject the County's Undue Delay and Prejudice Arguments

The Court should not countenance the County's argument that Million Air purportedly "offers no explanation for its undue delay" in asserting its rights under Section 5.5 of the Lease. (Opp. at 3-4). Rather, the reason for the timing of Million Air's request that the County approve its plans for the Modified Hangar under Section 5.5 of the Lease is clear: Million Air's request was "guided by the Court's governing interpretation of the Lease" in the Order. (Mem. at 2).

Prior to the Court's Order, Million Air believed in good faith that its request for approval of its plans to construct the Modified Hangar was properly made under Section 6.2 of the Lease. Indeed, while the County subsequently reversed itself, it *too* initially took the position that Million Air's request was properly made under Section 6.2. (*See* Compl. ¶¶ 70-73). Given this, it would have been unnecessary for Million Air to make the same request under Section 5.5 prior to the issuance of the Order.

The County therefore is incorrect that there has been no change in the underlying facts or law that justifies Million Air's request under Section 5.5. of the Lease (Opp. at 3). To the contrary, it is precisely a development in the law of the case – the Order – that provides the basis for Million Air's motion, and it is wholly appropriate for Million Air to rely on the Court's ruling in formulating its amended claims. *See, e.g., Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo*

3

*Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (holding that it is appropriate for a plaintiff to await the court's "definitive ruling" to guide amendments to a pleading); *see also Porat v. Lincoln Towers Community Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("Without doubt, this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).").[2]

Moreover, the County's purported concern about undue delay actually supports allowing Million Air to supplement its complaint. Nothing in the Lease prevents Million Air from requesting approval under Section 5.5 to construct the Modified Hangar at this time, and the County does not claim otherwise. Million Air therefore could file an entirely separate action based on the County's denial of that request. Having to file an entirely separate action would cause delay and inefficiency, as opposed to proceeding with a supplemental complaint, especially given the overlap between this case and Million Air's pending claim for breach of the duty of good faith and fair dealing. Accordingly, the Court should grant Million Air's motion.

The Court also should swiftly reject the County's frivolous argument that it will be prejudiced by the Proposed FAC because of "reopened" discovery. (Opp. at 4-5). As set forth in

---

[2] The cases cited by the County (*see* Opp. at 1, 3-4), are inapposite as none involve a motion to supplement a complaint under Rule 15(d) based on a change in the law and new facts. In *Bauer v. City of Rossford*, No. 16 Civ. 722 (JZ), 2017 WL 1179053, at *4 (N.D. Ohio Mar. 30, 2017), unlike here, the court was adjudicating plaintiff's *second* motion to amend, had previously dismissed most of plaintiff's claims on summary judgment, and ruled the proposed amendment would be futile. In *Yurman Design Inc. v. Chaindom Enterprises, Inc.*, No. 99 Civ. 9307 (JFK), 2001 WL 725291, at *1, 3 (S.D.N.Y. June 27, 2001), the court allowed certain amended claims to proceed and denied leave to amend as to another, but, unlike here, discovery had already been closed for two months before plaintiff filed its motion to amend, the court found there had been no "change in the law" justifying the amendment, and the disallowed claim would require "significant additional discovery," thereby causing prejudicial expense and delay. In *Harty v. West Point Realty, Inc.*, 477 F. Supp. 3d 163 (S.D.N.Y. 2020) the plaintiff did not actually move to amend. Finally, in *Sabatano v. Iovate Health Scis. USA Inc.*, No. 19 Civ. 8924 (VB), 2020 WL 3415252, at *9 (S.D.N.Y. June 22, 2020), and *Wedra v. Cree, Inc.*, No. 19 Civ. 3162 (VB), 2020 WL 1322887 at *11 (S.D.N.Y. Mar. 20, 2020), this Court denied the proposed amendments on the basis of their futility. In contrast, as discussed below, Million Air's claims are viable.

Million Air's opening brief (*s*ee Mem. at 6-7), document discovery has only just commenced, no depositions have yet occurred, and Million Air's claims under Section 5.5 are unlikely to add any significant discovery burden, which the County has failed even to attempt to articulate.  In *Yurman*, cited by the County (*see* Opp. at 3-4), the court gave leave for amended claims to proceed where they "would mirror those already brought" and "the limited discovery necessary to go forward . . . would not be unduly burdensome."  *Yurman Design Inc.*, 2001 WL 725291, at *4.  The same is true here: the proposed claims under Section 5.5 relate to the claims already in the case and would require limited additional discovery.[3]

### II.     The Court Should Reject the County's Argument that Million Air's Proposed Amended and Supplemental Pleading Would Be Futile

Million Air demonstrated in its opening brief that the reasonableness of the County's withholding of consent to Million Air's request to approve plans for the Modified Hangar cannot be determined on a motion to amend, because a decision as to a party's reasonableness under a contractual provision requires highly factual determinations that, in turn, require the weighing of evidence.  (*See* Mem. at 8).  Specifically, in its April 22 letter to Million Air, the County provided *nine* asserted reasons as to why it allegedly acted reasonably in withholding consent to Million Air's proposal to construct the Modified Hangar under Section 5.5 of the Lease.  Adjudicating the reasonableness of each of those asserted reasons would require the Court to make factual determinations not suited to determination on a motion to dismiss, much less a motion to amend.  (*See id.*)  The Court therefore should reject the County's various arguments as

---

[3]  The sole case on prejudice cited by the County, *ADYB Engineered for Life, Inc. v. Edan Admin. Servs.*, No. 19 Civ. 7800 (MKV), 2022 WL 912127 at *8 (S.D.N.Y. Mar. 28, 2022) (*see* Opp. at 5), is inapposite.  There, the litigation had been pending for almost two and a half years, discovery was complete, and trial dates had already been requested.

to why it acted reasonably and allow Million Air's well pled breach of contract claim under Section 5.5 of the Lease to be tried on its merits.[4]

### A. The Court Should Reject the County's "Ripeness" Argument Because It Is Contrary to the Lease and Raises Issues of Fact

The County first disingenuously argues that Million Air's claims under Section 5.5 are "not ripe for review" because it has not made a "final decision" on Million Air's request under Section 5.5, but rather has merely instructed Million Air to await actions by various County-related bodies or separate regulatory agencies, to be taken at some unspecified and indefinite future time. (*See* Opp. at 5-6). This argument, however, is contrary to Section 5.5 of the Lease, which requires the County to "advise" Million Air "within forty (40) days after receipt of the written request . . . of its approval or disapproval of the proposed work." If the County, as it contends, has neither approved nor disapproved Million Air's request within forty days as required by that section, then it has breached the Lease. Moreover, the County has given no timeframe as to when it might approve or disapprove the request, and if the County could indefinitely delay its decision, Section 5.5's forty-day deadline for approval or disapproval would be rendered meaningless. While the Lease does not contemplate that all required approvals, including from federal agencies, must happen within that forty-day period, it requires

---

[4] The New York state cases cited by the County are wholly inapposite because in those cases reasonableness determinations were made on summary judgment. (*See* Opp. at 7 (citing *Wize Eyes of Syosset, Inc. v. Turnpike Corp.*, 66 A.D.3d 884 (2d Dep't 2009), and *Fried v. 20 Sutton Place S., Inc.*, 2 A.D.3d 351 (1st Dep't 2003))). Nor does the County's citation of dicta from *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), a Title IX case, apply to the contract claim presented here. To the contrary, the general practice of courts in this Circuit is to decline to determine, on a motion to dismiss, whether a contractual provision requiring reasonableness has been breached. *See, e.g.*, *170 Mercer LLC v. Rialto Capital Advisors, LLC*, No. 20 Civ. 2496 (AJN), 2021 WL 1163649, at *4 (S.D.N.Y. Mar. 25, 2021); *Four Finger Art Factory, Inc. v. Dinicola*, No. 99 Civ. 1259 (JGK), 2000 WL 145466, at *3 (S.D.N.Y. Feb. 9, 2000).

the County *first* to determine whether to approve of plans for construction, after which regulatory and environment approvals can be sought.[5] (*See* Mem. at 10).

Moreover, Million Air has stated a ripe and valid breach of contract claim under Section 5.5. Section 5.5 bars the County from "unreasonably with[olding], condition[ing] or delay[ing]" approval of Million Air's proposed construction plans for the Modified Hangar. By failing to give a "final decision" on Million Air's request to approve plans for the Modified Hangar, the County, at a minimum, withheld, conditioned, and delayed its approval of that request. The Proposed FAC alleges that the County's withholding, conditioning, and delaying its consent was "unreasonable" under Section 5.5. (*See* Morrison Decl. Ex. 1 (Dkt. No. 41-1), ¶¶ 148-67). The County's contrary contentions as to reasonableness raise issues of fact that should be adjudicated on their merits after the parties engage in discovery. Accordingly, the Court should grant the Motion so that Million Air's Section 5.5 claim can be tried on a full evidentiary record.

Finally, insofar as the County contends certain other bodies, including the County's Board of Legislators ("BOL") and the Airport Advisory Board ("AAB"), must approve Million Air's proposal *before* the County can issue its own approval, that contention triggers numerous questions of fact regarding the proper role and involvement of these bodies that cannot be resolved on this Motion. For example, it is not clear that the BOL or the AAB are constituent

---

[5] The fact that Million Air has taken issue with the County directing it to proceed with construction prior to FAA approval in relation to the stormwater system on Million Air's leasehold (*see* Compl. ¶¶ 105-16), is consistent with its present demand for County approval prior to FAA approval. (Opp. at 8-9). Million Air is not arguing that it should be able to begin construction of the Modified Hangar before required approvals are provided under SEQRA or NEPA. Rather, Million Air is simply seeking to enforce the Lease terms obligating the County to provide approval of Million Air's Modified Hangar plans within the forty-day window, or a reasonable reason for declining approval. Indeed, as set forth in Million Air's moving memorandum (Mem. at 10), applicable Lease provisions indicate that Million Air is to obtain, with the County's assistance, environmental approvals *after* the County approves a project, which is the customary practice in land use development projects, as it would make no sense for either party to expend efforts on obtaining environmental approvals prior to the County's approval of the project.

parts of the "County," for purposes of approval under Section 5.5.[6] Notably, the County itself inappropriately refers to facts entirely outside the pleadings, pointing out that representatives of Million Air have recently attended meetings of the BOL and AAB, as if this supports its argument concerning the role of those bodies. (*See* Opp. at 5 n.2, 6 n.3 and 7).[7] Given such factual issues, Million Air's breach of contract claim under Section 5.5 of the Lease should be adjudicated on its merits.

### B.     The County's Additional Futility Arguments Are Equally Fact-Intensive

The County's other reasons for withholding consent to Million Air's request for approval of the plans for the Modified Hangar under Section 5.5 are equally fact-based and therefore inappropriate for adjudication on the instant Motion.

For example, the County claims that Million Air intends to demolish and replace, not modify, the Existing Hangar. (*Id.* at 8). As an initial matter, this distinction is irrelevant under the Lease. Section 6.14, on which the County relies, echoes Section 5.5 and bars the County from "unreasonably" withholding, delaying, or conditioning approval for the removal of a T-

---

[6] As to the BOL, while its approval of the Lease itself was required, it is not empowered to approve or disapprove of particular requests made *pursuant to* the Lease. The BOL approved of the Lease through Westchester Local Law 3-2016, which authorized the County to "enter into" the Lease with Million Air "for a term of thirty (30) years" and stated that "the County Executive or his authorized designee" – *not* the BOL – was "hereby authorized and empowered to execute all instruments and to take all action necessary and appropriate to effectuate the purposes hereof." This interpretation of the Lease and the local law is corroborated by the Lease itself, which sets forth exactly three instances in which the BOL's approval may be required: Section 2.4 (approval of a new lease), Section 13.1 (approval of sale or assignment of the Lease to a third party), and Section 22.7 (appointment of a third party to operate the leased premises). The inclusion of the BOL in these sections shows that its approval is *only* necessary for specific, enumerated decisions – which do *not* include approval of improvements under Section 5.5. As to the AAB, as the County points out, it is empowered, under Westchester County Code § 277.231, to "report to the county government . . . on all matters related to the county airport," hold meetings with "parties and agencies . . . interested in the county airport," and "make recommendations to the county government based on its findings." Nothing in the AAB's statutorily delimited role or the Lease gives the AAB the power to participate in approvals of requests to construct improvements under the Lease.

[7] By attending these meetings, which was at the express invitation of the County, Million Air did not waive any of its rights under the Lease, and the County does not argue otherwise.

8

Hangar like the Existing Hangar. (*See* Mem. at 11). Thus, whether the Modified Hangar "modifies" or "replaces" the Existing Hangar, the County cannot withhold approval for the requested improvements unreasonably. Further, the precise nature of Million Air's intent with respect to the Existing Hangar is a factual issue that cannot be determined on the present record. Similarly, the County asserts that it was reasonable for it to "withhold approval" of the requested hangar plans "until Plaintiff provides more than just an attorney representation" as to Light General Aviation ("LGA") demand (*see id.*), but the adequacy of the assurance provided by Million Air's corporate counsel as to LGA demand is, again, a question of fact. Also fact-based are the reasonableness of the County's claim that it must evaluate "requests" by "other tenants" (*see id.* at 10)[8] and the adequacy of Million Air's architect certifications (*see id.*).[9]

In sum, Million Air states a ripe claim that the County acted unreasonably under Section 5.5 in withholding its approval of Million Air's plans to construct the Modified Hangar, and that fact-based claim can only be adjudicated based on a full evidentiary record. Accordingly, the Court should reject the County's ripeness and futility arguments and grant the instant Motion.

### III.  Million Air Removed All Dismissed Claims from the Proposed FAC

Finally, the County complains that Million Air has "recycle[d] claims and allegations that the Court rejected" in the Order. (Opp. at 11). This is simply untrue: Million Air has removed

---

[8] Here, once again, the County improperly introduces facts not in the record, asserting that "in actuality, the County began the process of updating its Airport Master Plans more than two years ago, only to have the public comment portion delayed by the pandemic." (Opp. at 10). Not only is this contention of dubious relevance, but it also clearly points to a set of facts that must be addressed on the basis of evidence – not on a motion to dismiss or motion to amend.

[9] The County also doubles down on its argument that Million Air should await the end of the instant lawsuit before it asserts its rights under Section 5.5. (*See* Opp. at 11). But this is nonsensical. Million Air's Section 5.5 claim involves the same Lease and parties, and many of the same witnesses, events, and documents as the other claims in this lawsuit, and all should be adjudicated together.

from the Proposed FAC all claims for relief dismissed by the Court as well as allegations that are no longer relevant to the surviving claims. Insofar as Million Air's Proposed FAC kept certain factual allegations – for example, regarding the County's disparate treatment of Million Air – it did so to provide relevant context, and not to contradict the rulings of the Court.

## CONCLUSION

For the reasons set forth above and in Million Air's moving memorandum, the Court should grant Million Air's Motion for Leave to Amend and Supplement its Complaint.

Dated: White Plains, New York
June 24, 2022

Respectfully submitted,

YANKWITT LLP

*/s/ Russell M. Yankwitt*
Russell M. Yankwitt
Ross E. Morrison
140 Grand Street, Suite 705
White Plains, New York 10601
Tel.:   (914) 686-1500
russell@yankwitt.com
ross@yankwitt.com

*Counsel for Plaintiff White Plains Aviation Partners, LLC d/b/a Million Air White Plains*

10