UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS AVIATION PARTNERS, LLC d/b/a MILLION AIR WHITE PLAINS,<br><br>                  Plaintiff,<br><br>  -against-<br><br>THE COUNTY OF WESTCHESTER,<br><br>                  Defendant. | Case No. 21 Civ. 5312 (VB)<br><br>**STIPULATION AND**<br>**[PROPOSED] PROTECTIVE ORDER** |

WHEREAS, the parties in the above-captioned action (each a "Party," and together, the "Parties"), by and through their respective counsel, having agreed that the following terms shall govern the disclosure, handling, and use of documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, admissions, and any other information and material produced or disclosed, whether voluntarily or in response to a request made pursuant to the Federal Rules of Civil Procedure, in discovery in the above-captioned action, and the Court having found that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given or exchanged in this action, regardless of the medium or manner generated, stored or maintained (collectively, "Discovery Material") shall be used solely for purposes of the prosecution or defense of this action and may not be used for any other purpose whatsoever, including, but not limited to, any business or

commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final. The Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as described in Paragraph 4 hereto. The attorneys of record for the Parties are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of copies of Discovery Material marked "Confidential."

2. Counsel for any party (the "Designating Party") may designate any document or information, in whole or in part, as confidential ("Confidential Discovery Material") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is financial, proprietary, customer or client information, commercially sensitive information, a trade secret, product research or development, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." In such cases where the marking of each piece of Confidential Discovery Material as "CONFIDENTIAL" is impractical or impossible, the Designating Party shall designate in writing the Discovery Material that it regards as containing Confidential Discovery Material at the time of its production.

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Discovery Material disclosed in this

case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Discovery Material.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties, including directors, officers, and employees of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b. Counsel, including in-house counsel, and employees and service vendors of such counsel assigned to and necessary to assist in this action;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation;

    d. Trial and deposition witnesses, including any person whom a Party's counsel believes in good faith will testify in this action, and his or her counsel, to the extent the Confidential Discovery Material disclosed to such person relates to the subject matter or anticipated subject matter of the witness's testimony;

    e. The original source of information reflected in Confidential Discovery Material, provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention, and provided further that, if such source was not the author or recipient of such Confidential Discovery Material, only the portion of such Confidential Discovery Material reflecting information provided by the source may be disclosed to the source;

    f. Any person who is identified as an author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not

>> provided with copies of such Confidential Discovery Material for his or her retention;
>
> g. The Court (including any person having access to any Confidential Discovery Material by virtue of his or her position with the Court) and any jurors;
>
> h. Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution;
>
> i. Court reporters, videographers, virtual deposition service providers, and their respective staffs retained in connection with this action;
>
> j. Any other person agreed to by the Parties.

5. Before disclosing or displaying the Confidential Discovery Material to any person identified in paragraphs 4(c), 4(d), or 4(h), counsel must:

> a. Inform the person of the confidential nature of the information or documents;
>
> b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any person other than those listed in paragraph 4; and
>
> c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A ("Agreement With Respect to Confidential Discovery Material").

6. In the case of depositions, counsel for any Party may designate as "Confidential" any portion of a deposition transcript, including any rough draft transcript, deemed to contain Confidential Discovery Material. The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony. The court reporter shall mark "CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated Confidential. Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft

transcripts, as Confidential Discovery Material. Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter.

7. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after providing sufficient prior notice to the producing party and taking such steps as the Court, upon motion of the producing party, shall deem necessary to preserve the confidentiality of such Confidential Discovery Material.

8. This Order shall not preclude counsel for any Party from using during any deposition in this action any document or testimony which has been designated as Confidential Discovery Material. Any deposition witness who is given access to Confidential Discovery Material shall, prior thereto, be provided with a copy of this Order and shall execute the Agreement With Respect to Confidential Discovery Material. Counsel for the Party obtaining the deposition witness's Agreement With Respect to Confidential Discovery Material shall supply a copy to counsel for the other Party. In the event that, upon being presented with a copy of the Order, a witness refuses to execute the Agreement With Respect to Confidential Discovery Material, the Court may, upon application, enter an order directing the witness's compliance with this Order.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information

as Confidential Discovery Material.  If so designated, the document or information shall thenceforth be treated as Confidential Discovery Material subject to all the terms of this Order.

10. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Party must immediately (i) notify in writing the producing party of the unauthorized disclosures, (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order, and (iv) request that such person or persons execute the Agreement With Respect to Confidential Discovery Material attached as Exhibit A hereto.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically-stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness

and/or segregation of privileged and/or protected information before production. If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work product protection, the producing party shall follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Any Party opposing a producing party's assertion of attorney-client privilege, any other applicable privilege, and/or entitlement to work product protection shall not assert as a ground for opposing such an assertion that the Producing Party waived any privilege or protection because of inadvertent production in this action.

13. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

14. This Order has no effect upon, and shall not apply to, a Party's use of its own Confidential Discovery Material for any purpose. Similarly, this Order has no effect upon, and shall not apply to, any information or material that: (i) was, is or becomes public knowledge, not in breach of this Order; (ii) is acquired, developed or learned by the Party independent of discovery in this action; or (iii) is required by law or court order to be made available to third parties.

15. At the conclusion of litigation, Confidential Discovery Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. If a Party is called upon to produce Confidential Discovery Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving party from which the Confidential Discovery Material is sought shall (a) give written notice by email to the counsel for the Designating Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Designating Party five (5) business days to object to the production of such Confidential Discovery Material, if the Designating Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation and Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

17. This Stipulation and Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

\- 9 -

SO STIPULATED AND AGREED.

    Dated:  July 25, 2022
               White Plains, New York

| **YANKWITT LLP** | **JOHN M. NONNA**<br>**WESTCHESTER COUNTY ATTORNEY** |
|---|---|
| By: __/s/ Ross E. Morrison_____<br>Russell M. Yankwitt<br>Ross E. Morrison<br>Jonathan Ohring<br>140 Grand Street, Suite 705<br>White Plains, New York 10601<br>(914) 686-1500<br><br>*Attorneys for Plaintiff* | By: __/s/ David H.R. Chen_____<br>John Nonna<br>David H. R. Chen<br>Sean T. Carey<br>Shawna C. MacLeod<br>148 Martine Avenue, Room 600<br>White Plains, New York 10601<br>(914) 995-3616<br><br>*Attorneys for Defendant* |

SO ORDERED:

_____
Hon. Vincent L. Briccetti
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS AVIATION PARTNERS, LLC d/b/a MILLION AIR WHITE PLAINS,<br><br>                Plaintiff,<br><br>  -against-<br><br>THE COUNTY OF WESTCHESTER,<br><br>                Defendant. | Case No. 21 Civ. 5312 (VB) |

### AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL

I, _____, state that:

      1.    My present employer is _____ and my present occupation is _____.

      2.    I have received a copy of the Stipulation and Protective Order entered in the above-captioned action.

      3.    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      4.    I hereby agree that I will not disclose any information contained in such documents to any other person, except as permitted under the Stipulation and Protective Order entered in the above-captioned action. I further agree not to use any such information for any purpose other than this litigation.

5. To the extent that I receive Confidential Discovery Material from a Party to this action or their counsel, I will destroy such information or return it to the Party or counsel from whom I received it pursuant to paragraph 14 of the Stipulation and Protective Order.

6. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of this Agreement with Respect to Confidential Material.

Signature: _____

Date: _____