```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WHITE PLAINS AVIATION PARTNERS,           :
LLC, d/b/a Million Air White Plains,      :
                    Plaintiff,            :
                                          :         MEMORANDUM OPINION
v.                                        :         AND ORDER
                                          :
                                          :         21 CV 5312 (VB)
THE COUNTY OF WESTCHESTER,                :
                    Defendant.            :
--------------------------------------------------------------x
```

Briccetti, J.:

Pending before the Court is plaintiff's motion for leave to amend and supplement the complaint pursuant to Rules 15(a)(2) and 15(d).  (Doc. #35).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

The Court assumes the parties' familiarity with this case's underlying facts and procedural history, and briefly summarizes only those facts relevant the pending motion.

Plaintiff ("Million Air") commenced this action by filing a complaint on June 16, 2021, alleging defendant (the "County") breached Section 6.2[1] of the 2016 lease agreement between the parties (the "Lease") by unreasonably denying Million Air permission to construct a modified hangar on the premises leased to it by the County (the "Modified Hangar").[2]

---

[1]  Section 6.2 of the Lease requires Million Air to obtain the County's approval if "material changes or modifications are required to . . . the Proposed Improvements."  (Doc. #1-1 ("Lease") § 6.2).

[2]  Million Air also alleged the County breached the implied covenant of good faith and fair dealing by (i) unreasonably withholding approval of the Modified Hangar and changing its position regarding Million Air's construction of a stormwater system on the leased premises in bad faith, and (ii) allowing another commercial tenant at the airport to accommodate overweight aircraft, encouraging unfair competition against Million Air.

1

Thereafter, the County moved to dismiss pursuant to Rule 12(b)(6), arguing that Section 6.2 of the Lease did not apply to the construction plans proposed by Million Air, and thus, the County did not breach Section 6.2 by not approving them. (Doc. #16). That is, the County argued Section 6.2 only governed changes to construction plans for the "Proposed Improvements"—i.e., plans to refurbish a terminal and build a new hangar on the leased premises, both of which were complete. (Doc. #18). Section 6.2, the County argued, did not apply to construction plans separate from the Proposed Improvements, such as the plan to construct the Modified Hangar.

On August 12, 2021, the Court issued an order informing Million Air that if it elected not to amend its complaint in response to the motion to dismiss, the Court would be "unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendant's motion." (Doc. #19 ("MTD Order")). By letter dated August 20, 2021, Million Air informed the Court it would not file an amended complaint and would oppose the motion to dismiss. (Doc. #20).

The County's motion and accompanying memorandum of law did not reference Section 5.5 of the Lease, which provides:

> Following the completion of the Proposed Improvements, plans and specifications for all major repairs, construction, alterations, modifications, additions or replacements (hereinafter referred to as "improvements") undertaken by Lessee shall be submitted to and receive the written approval of the County, and no such work shall be commenced until such written approvals are obtained from the County which approval shall not be unreasonably withheld, conditioned or delayed. County shall advise Lessee within forty (40) days after receipt of the written request, together with copies of the plans and specifications for the proposed improvements in sufficient detail to make a proper review thereof, of its approval or disapproval of the proposed work, and in the event it disapproves, stating its reasons therefor. In the event that the County does not so advise Lessee in writing within said forty (40) day period, the County shall be deemed to have approved the plans and specifications submitted by Lessee.

(Lease § 5.5).

In its opposition, Million Air argued the interpretation of Section 6.2 should be guided by the meaning of "improvements" in Section 5.5. (Doc. #24 at 13). In other words, because Section 5.5 defines "improvements" to include "major" construction, Million Air argued the scope of the "modifications" covered by Section 6.2 should likewise be interpreted to cover significant changes to the Proposed Improvements, such as new hangars. (Id. at 13). The County disputed that the definition of "improvement" in Section 5.5 could be imported to define what is covered by Section 6.2. (Doc. #25 at 3).

On March 11, 2022, the Court granted in part and denied in part the motion to dismiss. (Doc. #26 (the "March 11 Order")). Relevant to the instant motion, the Court agreed with the County that the unambiguous terms of Section 6.2 did not apply to Million Air's request to build the Modified Hangar, and thus, Million Air could not state a claim that the County breached Section 6.2 by denying approval. Accordingly, the Court dismissed Million Air's claims for breach of contract and declaratory relief.[3]

On March 16, 2022, Million Air sent a new request to the County to construct the Modified Hangar, this time pursuant to Section 5.5 of the Lease. (Doc. #41-3). In response, the County sent Million Air a letter on April 22, 2022, enumerating reasons why it was not approving Million Air's request. Million Air, in turn, responded to the County's letter on May 13, 2022, contending the County had effectively denied Million Air's request and stating why, in

---

[3] The Court also dismissed Million Air's claims that the County breached the implied covenant of good faith and fair dealing contained in the Lease by unreasonably withholding approval of the Modified Hangar, and by allowing another commercial tenant to accommodate overweight aircraft at the airport but denying the same permission to Million Air. However, the Court did not dismiss Million Air's claim that the County breached the implied covenant by changing its position with respect to a stormwater system on the leased premises.

3

Million Air's view, the County's stated bases for not approving were unreasonable. (Doc. #41-6).

Thereafter, Million Air moved for leave to amend and supplement the complaint to (i) remove the claims dismissed in the March 11 Order and (ii) assert new claims alleging the County breached Section 5.5 of the Lease by unreasonably withholding approval to build the Modified Hangar, seeking damages and declaratory relief. (Doc. #35).

The parties have requested, and been granted, two extensions of discovery deadlines. As a result, the deadline to complete all discovery is currently January 17, 2023. (Doc. #60 ("2d Revised Civil Case Discovery Plan")).

**DISCUSSION**

I.  Standard of Review

Rule 15(a)(2) provides the Court "should freely give leave" to amend a complaint "when justice so requires." Rule 15(d) provides the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The analysis for a motion to amend and a motion to supplement is the same. See M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010).

The Supreme Court has held:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).[4]

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "A litigant may be 'prejudiced' within the meaning of the rule if the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017). "However, mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id.

An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion, such as a Rule 12(b)(1) motion for lack of subject matter jurisdiction or a Rule 12(b)(6) motion for failure to state a claim. Bandler v. Town of Woodstock, 832 F. App'x 733, 735–36 (2d Cir. 2020) (summary order) (Rule 12(b)(1)); Santos v. E T & K Foods, Inc., 2017 WL 9256490, at *2 (E.D.N.Y. June 27, 2017) (Rule 12(b)(6)).

To survive a Rule 12(b)(1) motion, the plaintiff's cause of action "must be ripe—it must present a real, substantial controversy, not a mere hypothetical question." Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 687 (2d Cir. 2013). "A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Id. A claim for a declaratory judgment is ripe when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

declaratory judgment." Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp. 2d 293, 295 (S.D.N.Y. 2003).

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     Rule 15(a)(2)

Million Air's motion for leave to remove the dismissed claims from the amended complaint, which the County does not oppose, is granted.

III.    Rule 15(d)

    A.     Undue Delay

The County argues Million Air should be denied leave to amend and supplement the complaint to add claims arising under Section 5.5 of the Lease because Million Air was offered, and declined, the opportunity to amend its complaint in August 2021.

The Court disagrees.

Although Million Air could have—and arguably should have—asserted its proposed additional claims in its original complaint, the Court concludes, albeit reluctantly, that Million Air did not act with undue delay.

First, Million Air filed its motion for leave to amend prior to the expiration of the deadline to amend pleadings in the scheduling order agreed upon by the parties and so-ordered

by the Court.  (2d Revised Civil Case Discovery Plan); see Martin v. Sprint/United Mgmt. Co., 2016 WL 2757431, at *3 (S.D.N.Y. May 12, 2016) (motion to amend filed prior to the scheduling order deadline was "per se timely").

Second, at the time when Million Air declined to amend its complaint in August 2021, no party had argued that Section 5.5 of the Lease applied (or did not apply) to Million Air's request to construct the Modified Hangar.  Thus, Million Air's failure to assert this claim previously is not a "deficiency [in the original complaint] made apparent by the fully briefed arguments in defendant's motion" to dismiss that Million Air declined to cure.  (MTD Order).[5]

Accordingly, although the Court is not a fan of serial motion practice, Million Air's motion to amend and supplement the complaint is not unduly delayed.

B.     Undue Prejudice

The County argues permitting Million Air to amend and supplement the complaint would prejudice the County because discovery has already begun.

The Court disagrees.

Even assuming the parties would have to conduct additional discovery regarding Million Air's request to construct the Modified Hangar pursuant to Section 5.5, the deadline to complete discovery, having been extended twice, is several months away.[6]  Moreover, because the claims Million Air seeks to assert arise under the same Lease and relate to the same construction plans

---

[5]     Because the March 11 Order did not resolve any claim that the County breached Section 5.5 of the Lease, the "law of the case doctrine" relied upon by the County in its brief is inapplicable to the instant motion.  See Martin v. Sprint/United Mgmt. Co., 2016 WL 2757431, at *6.

[6]     Accordingly, the County's reliance on Yurman Design Inc. v. Chaindom Enters., Inc., 2001 WL 725291, at *2 (S.D.N.Y. June 27, 2001), is misplaced because, in that case, discovery had been closed for almost two months by the time the plaintiff moved to amend.

at issue in the original complaint, the Court is not persuaded that amendment would substantially increase the scope of discovery or the costs thereof.

Thus, the County has not demonstrated it would be unduly prejudiced by the proposed amendment.

  C. <u>Futility</u>

The County argues amendment would be futile because the proposed additional claims are not ripe and fail to state a claim.

The Court disagrees.

As an initial matter, the proposed amended complaint would assert ripe claims. That is, the proposed amended complaint alleges Million Air submitted a request to the County to build the Modified Hangar pursuant to Section 5.5 of the Lease, to which the County responded on April 22, 2022, setting forth the reasons why it did not approve. (Doc. #41-1 ("Proposed AC") ¶¶ 22, 146–51). Section 5.5 of the Lease provides that, once Million Air submits construction plans for approval, the County "shall advise Lessee within forty (40) days after receipt of the written request . . . of its approval or disapproval of the proposed work, and in the event it disapproves, stating its reasons therefor." (Lease § 5.5).

Thus, assuming the truth of the proposed amended allegations, the County effectively denied Million Air's request within the prescribed forty-day period, and no further performance needs to occur before Million Air could claim the County breached Section 5.5 for withholding approval unreasonably. Moreover, because Million Air contends the County's stated reasons for withholding approval were unreasonable, "there exists an actual and continuing controversy

between the parties," making the proposed additional claim for a declaratory judgment ripe. Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp. 2d at 295.

Likewise, granting leave to amend is not futile because the proposed amended complaint does not fail to state a claim. "To state a claim for breach of contract under New York law,[7] the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." Orlander v. Staples, Inc., 802 F.3d 289, 294 (2d Cir. 2015).

Here, the parties do not contest the validity of the Lease. The proposed amended complaint alleges Million Air submitted a request to the County to build the Modified Hangar pursuant to Section 5.5 of the Lease, the County failed to perform by unreasonably withholding approval of Million Air's request, and Million Air has turned away or lost customers as a result. At this early stage of the case, accepting the allegations in the proposed amended complaint as true and drawing all reasonable inferences in Million Air's favor, the Court is not convinced the County's stated reasons for withholding approval are reasonable as a matter of law. To the contrary, the proposed amended complaint includes specific, factual allegations contending why each stated reason was not reasonable, which at least raise issues of fact inappropriate for resolution at the motion to dismiss stage. (See, e.g., Proposed AC ¶¶ 152–66).

In addition, for the same reasons, the cases relied upon by the County—state-court cases granting summary judgment motions—are procedurally distinguishable.

Thus, amendment would not be futile for failure to state a claim.

---

[7] Section 30.7 of the Lease provides that New York law shall apply in construing the Lease.

IV.	Request to Stay Discovery

The County's request to stay discovery pending the resolution of its anticipated motion to dismiss Million Air's amended complaint is denied.  The Court has now ruled that the proposed amended complaint states claims for relief.  Thus, any motion to dismiss would be frivolous and summarily denied.

The County will have a further opportunity to defeat plaintiff's new claims—at summary judgment or trial after the completion of discovery.

## CONCLUSION

The motion for leave to amend and supplement the complaint is GRANTED.

By October 11, 2022, Million Air shall separately file the proposed amended complaint (Doc. #41-1) as the operative complaint in this action.  The County's answer is due October 25, 2022.

The Clerk is instructed to terminate the motion.  (Doc. #35).

Dated:  October 4, 2022
           White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge