UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE PLAINS AVIATION PARTNERS, LLC d/b/a Million Air White Plains,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>THE COUNTY OF WESTCHESTER,<br><br>　　　　　　　　　　　　Defendant. | Case No. 21 Civ. 5312 (VB)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiff White Plains Aviation Partners, LLC d/b/a Million Air White Plains ("Million Air"), by and through its attorneys, Yankwitt LLP, hereby answers the Counterclaims filed by Defendant The County of Westchester's ("the County"), as follows:[1]

1.　　The allegations in Paragraph 1 state the County's characterization of the counterclaims to which no response is required. To the extent a response is required, Million Air denies the allegations in Paragraph 1.

2.　　Denies the allegations in Paragraph 2, except avers that, as set forth more fully in the Amended Complaint, since 2017, Million Air has sought the County's consent to modify an existing, out-of-date hangar on its leased premises at the Westchester County Airport, by replacing it with a state-of-the-art, eco-friendly hangar, and the County has unreasonably withheld consent in violation of the Lease, dated June 1, 2016 ("Lease"), between Million Air and the County.

---

[1] All responses herein are based on information known to Million Air as of the date hereof, and Million Air reserves the right to supplement or amend its responses based on new information. Million Air is not required to respond to the headings set forth in the Counterclaims because they are not factual allegations. To the extent a response is required, Million Air denies the averments in the headings.

3. Denies the allegations in Paragraph 3, except avers that, as set forth more fully in the Amended Complaint, since 2017, Million Air has sought the County's consent to modify an existing, out-of-date hangar on its leased premises at the Westchester County Airport, by replacing it with a state-of-the-art, eco-friendly hangar, and the County has unreasonably withheld consent in violation of the Lease, dated June 1, 2016 ("Lease"), between Million Air and the County.

4. Denies the allegations in Paragraph 4, except refers to the Court's Opinion and Order, dated March 11, 2022 (see Dkt. # 26), the Court's Opinion and Order, dated October 4, 2022 (*see* Dkt. # 61), and the Amended Complaint for their true and complete contents.

5. Denies the allegations in Paragraph 5.

6. Denies the allegations in Paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Million Air denies the allegations in Paragraph 8, and refers to the Lease for its true and complete contents.

9. Admits that it entered into a License Agreement, dated August 16, 2019 ("License Agreement"), with the County, and refers to that Agreement for its true and complete contents.

10. In response to the allegations in Paragraph 10, Million Air refers to the License Agreement for its true and complete contents, and avers that Million Air's use of the Licensed Premises following the expiration of the License Agreement was with the County's express consent and approval, and that the County did not seek payment from Million Air for the use of those Premises.

11. Denies the allegations in Paragraph 11, except avers that Million Air has sought the County's permission to make the Licensed Premises part of its leasehold at the Airport, and refers to the License Agreement, Lease and correspondence between Million Air and the County in the Summer of 2022 concerning the Licensed Premises for their true and complete contents.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, except Million Air denies that it has violated the Lease.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except Million Air denies that it has violated the Lease, and refers to the Lease for its true and complete contents.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except Million Air denies that it has violated the Lease or License Agreement, and refers to those documents for their true and complete contents.

15. The allegations in Paragraph 15 state a legal conclusion to which no response is required.

16. The allegations in Paragraph 16 state a legal conclusion to which no response is required.

17. In response to the allegations in Paragraph 17, Million Air refers to the Lease for its true and complete contents.

18. In response to the allegations in Paragraph 18, Million Air refers to the Lease for its true and complete contents.

19. Admits the allegations in Paragraph 19.

20. Admits the allegations in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except avers that, at the time that the County and Million Air entered into the Lease, the T-Hangar housed a number of Light General Aviation aircraft.

22. In response to the allegations in Paragraph 22, Million Air refers to the Complaint and Amended Complaint for their true and complete contents.

23. In response to the allegations in Paragraph 23, Million Air refers to the Court's Opinion and Order, dated March 11, 2022 (Dkt. # 26).

24. In response to the allegations in Paragraph 24, Million Air refers to the letter from Million Air to the County, dated March 16, 2022 (Dkt. # 62-2), and the Amended Complaint for their true and complete contents.

25. In response to the allegations in Paragraph 25, Million Air refers to the letter from the County to Million Air, dated April 22, 2022 (Dkt # 62-3), and the Amended Complaint for their true and complete contents.

26. In response to the allegations in Paragraph 26, Million Air refers to the letter from the County to Million Air, dated April 22, 2022 (Dkt # 62-3), the Lease, and the Amended Complaint for their true and complete contents.

27. In response to the allegations in Paragraph 27, Million Air refers to the letter from the County to Million Air, dated April 22, 2022 (Dkt # 62-3), the Lease, and the Amended Complaint for their true and complete contents.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 28. The allegations in the second sentence in Paragraph 28 state legal conclusions to which no response is required. To the extent a response is required, Million Air refers to the cited statute for its true and complete contents.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, except refers to the referenced letter for its true and complete contents.

31. In response to the allegations in Paragraph 31, Million Air refers to the letter from Million Air to the County, dated May 13, 2022 (Dkt. # 62-4), for its true and complete contents.

32. Admits the allegations in Paragraph 32.

33. Denies the allegations in Paragraph 33, except refers to the entirety of the statements by Mr. Woolsey and/or Mr. Nichols at the referenced meeting, and the Amended Complaint for their true and complete contents.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, except refers to the entirety of the statements by Mr. Woolsey at the referenced meeting for their true and complete contents.

35. In response to the allegations in Paragraph 35, refers to the entirety of the statements by Mr. Woolsey and/or Mr. Nichols at the referenced meeting for their true and complete contents.

36. In response to the allegations in Paragraph 36, refers to the entirety of the statements by Mr. Woolsey at the referenced meeting for their true and complete contents.

37. Denies knowledge or information sufficient to for a belief as to the truth of the allegations in Paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, except refers to the referenced letter for its true and complete contents.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, except refers to the referenced letter for its true and complete contents.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, except refers to the referenced letter for its true and complete contents.

44. Admits the allegations in Paragraph 44.

45. Denies the allegations in Paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, except avers that no aircraft currently are housed in the T-hangar.

47. In response to the allegations in Paragraph 47, Million Air refers to the letter from the County to Million Air, dated July 19, 2022 (Dkt. # 62-5), for its true and complete contents.

48. In response to the allegations in Paragraph 48, Million Air refers to the letter from the County to Million Air, dated July 19, 2022 (Dkt. # 62-5), and the Lease for their true and complete contents.

49. In response to the allegations in Paragraph 49, Million Air refers to the letter from the County to Million Air, dated July 19, 2022 (Dkt. # 62-5), and the Lease for their true and complete contents.

50. In response to the allegations in Paragraph 50, Million Air refers to the Lease for its true and complete contents.

51. In response to the allegations in Paragraph 51, Million Air refers to the Lease for its true and complete contents.

52. In response to the allegations in Paragraph 52, Million Air refers to the letter from the County to Million Air, dated July 19, 2022 (Dkt. # 62-5), and the Lease for their true and complete contents.

53. In response to the allegations in Paragraph 53, Million Air refers to the letter from the County to Million Air, dated July 19, 2022 (Dkt. # 62-5), and the Lease for their true and complete contents.

54. In response to the allegations in Paragraph 54, Million Air refers to the letter from Million Air to the County, dated August 31, 2022 (Dkt. # 62-6), for its true and complete contents.

55. Denies the allegations in Paragraph 55.

56. In response to the allegations in Paragraph 56, Million Air refers to the Lease for its true and complete contents.

57. In response to the allegations in the first and second sentences in Paragraph 57, Million Air refers to the letter from Million Air to the County, dated August 31, 2022 (Dkt. # 62-6), for its true and complete contents.  Million Air denies the allegations in the last sentence in Paragraph 57.

58. In response to the allegations in Paragraph 58, Million Air refers to the letter from Million Air to the County, dated August 31, 2022 (Dkt. # 62-6), for its true and complete contents.

59. Denies the allegations in Paragraph 59.

60. In response to the allegations in Paragraph 60, Million Air refers to the Lease and License Agreement for their true and complete contents.

61. In response to the allegations in Paragraph 61, Million Air refers to the License Agreement for its true and complete contents.

62. In response to the allegations in Paragraph 62, Million Air refers to the License Agreement for its true and complete contents.

63. Admits the allegations in Paragraph 63.

64. Admits the allegations in Paragraph 64, except refers to the License Agreement for its true and complete contents, and avers that Million Air's use of the Licensed Premises following the expiration of the License Agreement was with the County's express consent and approval.

65. Admits the allegations in Paragraph 65, except refers to the License Agreement for its true and complete contents, and avers that Million Air's use of the Licensed Premises following the expiration of the License Agreement was with the County's express consent and approval, and that the County did not seek payment from Million Air for the use of those Premises.

66. In response to the allegations in Paragraph 66, Million Air refers to the letter, dated June 23, 2022, from the County to Million Air, for its true and complete contents.

67. In response to the allegations in Paragraph 67, Million Air refers to the letter, dated July 1, 2022, from Million Air to the County, for its true and complete contents.

68. In response to the allegations in Paragraph 68, Million Air refers to the letter, dated August 1, 2022, from the County to Million Air, for its true and complete contents.

69. In response to the allegations in Paragraph 69, Million Air refers to the letter, dated August 1, 2022, from the County to Million Air, for its true and complete contents.

70. In response to the allegations in Paragraph 70, Million Air refers to the letter, dated August 1, 2022, from the County to Million Air, for its true and complete contents.

71. Denies the allegations in Paragraph 71, and avers that Million Air's use of the Licensed Premises following the expiration of the License Agreement was with the County's express consent and approval, and that the County did not seek payment from Million Air for the use of those Premises.

72. In response to the allegations in Paragraph 72, Million Air refers to the Lease for its true and complete contents.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, except refers to the referenced document for its true and complete contents.

74. In response to the allegations in Paragraph 74, Million Air refers to the letter, dated June 27, 2022, from the County to Million Air, for its true and complete contents.

75. In response to the allegations in the first sentence in Paragraph 75, Million Air refers to the letter, dated July 1, 2022, from Million Air to the County, for its true and complete contents. Million Air denies the allegations in the second sentence in Paragraph 75.

76. Denies the allegations in Paragraph 76, and refers to the Lease for its true and complete contents.

77. Denies the allegations in Paragraph 77, and refers to the letter, dated July 1, 2022, from Million Air to the County, and the Lease for their true and complete contents.

78. In response to the allegations in Paragraph 78, Million Air refers to the Lease for its true and complete contents.

79. In response to the allegations in Paragraph 79, Million Air refers to the letter, dated July 27, 2020, from Million Air to the County, for its true and complete contents.

80. Denies the allegations in Paragraph 80, and refers to the letter, dated July 27, 2020, from Million Air to the County, and the Lease, for their true and complete contents.

81. The allegations in Paragraph 81 state a legal conclusion to which no response is required. To the extent a response is required, Million Air refers to the Lease for its true and complete contents.

### AS AND FOR AN ANSWER TO THE FIRST COUNTERCLAIM FOR RELIEF
### (Breach of Contract – Lease Section 3.1)

82. In response to the allegations in Paragraph 82, Million Air repeats and realleges its answers to Paragraphs 1 through 81 as if fully set forth herein.

83. The allegations in Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Million Air admits the allegations in Paragraph 83.

84. Denies the allegations in Paragraph 84.

85. In response to the allegations in Paragraph 85, Million Air refers to the Lease for its true and complete contents.

86. In response to the allegations in Paragraph 86, Million Air refers to the Lease for its true and complete contents.

87. Denies the allegations in Paragraph 87.

88. Denies the allegations in Paragraph 88.

89. The allegations in Paragraph 89 state a legal conclusion to which no response is required. To the extent a response is required, Million Air denies the allegations in Paragraph 89.

### AS AND FOR AN ANSWER TO THE SECOND COUNTERCLAIM FOR RELIEF
**(Breach of Contract – Lease Sections 5.3 and 9.6)**

90. In response to the allegations in Paragraph 90, Million Air repeats and realleges its answers to Paragraphs 1 through 89 as if fully set forth herein.

91. In response to the allegations in Paragraph 91, Million Air refers to the Lease for its true and complete contents.

92. In response to the allegations in Paragraph 92, Million Air refers to the Lease for its true and complete contents.

93. Admits the allegations in Paragraph 93.

94. In response to the allegations in Paragraph 94, Million Air refers to the entirety of the statements by Mr. Woolsey and/or Mr. Nichols at the referenced meeting for their true and complete contents.

95. In response to the allegations in Paragraph 95, Million Air refers to the entirety of the statements by Mr. Woolsey at the referenced meeting for their true and complete contents.

96. Denies the allegations in Paragraph 96.

97. Denies the allegations in Paragraph 97.

98. The allegations in Paragraph 98 state a legal conclusion to which no response is required. To the extent a response is required, Million Air denies the allegations in Paragraph 98.

## AS AND FOR AN ANSWER TO THE THIRD COUNTERCLAIM FOR RELIEF
### (Breach of Contract – Lease Sections 7.4 and 11.1)

99. In response to the allegations in Paragraph 99, Million Air repeats and realleges its answers to Paragraphs 1 through 98 as if fully set forth herein.

100. In response to the allegations in Paragraph 100, Million Air refers to the Lease for its true and complete contents.

101. In response to the allegations in Paragraph 101, Million Air refers to the Lease for its true and complete contents.

102. The allegations in Paragraph 102 state a legal conclusion to which no response is required. To the extent a response is required, Million Air refers to the cited regulations for their true and complete contents.

103. Admits the allegations in Paragraph 103, and avers that the County, and not Million Air, would have direct contact with the Federal Aviation Administration.

104. The allegations in Paragraph 104 state the County's argument, and no response therefore is required. To the extent a response is required, Million Air denies the allegations in Paragraph 104.

105. Denies the allegations in Paragraph 105.

106. Denies the allegations in Paragraph 106.

107. Denies the allegations in Paragraph 107.

108. The allegations in Paragraph 108 state legal conclusions to which no response is required. To the extent a response is required, denies the allegations in Paragraph 108.

### AS AND FOR AN ANSWER TO THE FOURTH COUNTERCLAIM FOR RELIEF
### (Breach of Contract – Lease Sections 13.6 and 13.8)

109. In response to the allegations in Paragraph 109, Million Air repeats and realleges its answers to Paragraphs 1 through 108 as if fully set forth herein.

110. In response to the allegations in Paragraph 110, Million Air refers to the Lease for its true and complete contents.

111. In response to the allegations in Paragraph 111, Million Air refers to the Lease for its true and complete contents.

112. In response to the allegations in Paragraph 112, Million Air refers to the Agreement between Blade Urban Air Mobility, Inc. and Million Air, dated December 1, 2021, for its true and complete contents.

113. Admits the allegations in Paragraph 113, and avers that no such consent was required.

114. Denies the allegations in Paragraph 114.

115. Denies the allegations in Paragraph 115.

### AS AND FOR AN ANSWER TO THE FIFTH COUNTERCLAIM FOR RELIEF
### (Breach of Contract – the 2019 License Agreement and Article 1 of the Lease)

116. In response to the allegations in Paragraph 116, Million Air repeats and realleges its answers to Paragraphs 1 through 115 as if fully set forth herein.

117. The allegations in Paragraph 117 state legal conclusions to which no response is required. To the extent a response is required, Million Air admits that the License Agreement constituted a valid and enforceable contract between Million Air and the County.

118. Denies the allegations in Paragraph 118.

119. In response to the allegations in Paragraph 119, Million Air refers to the License Agreement for its true and complete contents.

120. In response to the allegations in Paragraph 120, Million Air refers to License Agreement for its true and complete contents.

121. In response to the allegations in the first sentence in Paragraph 121, Million Air refers to Lease and License agreement for their true and complete contents.  Million Air admits the allegations in the second sentence in Paragraph 121.

122. Admits the allegations in Paragraph 122, and avers that Million Air's use of the Licensed Premises following the expiration of the License Agreement was with the County's express consent and approval.

123. Denies the allegations in Paragraph 123.

124. Denies the allegations in Paragraph 124.

125. The allegations in Paragraph 125 state legal conclusions to which no response is required.  To the extent a response is required, denies the allegations in Paragraph 125.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

The County's Counterclaims fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The County's Counterclaims may be barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

The County's Counterclaims may be barred, in whole or in part, by reason of the County's own acts or omissions, including but not limited to the County's breaches of the Lease and/or License Agreement.

### FOURTH AFFIRMATIVE DEFENSE

The County's Counterclaims may be barred, in whole or in part, by its failure to provide timely notice of its claims.

### FIFTH AFFIRMATIVE DEFENSE

The County's Counterclaims may be barred, in whole or in part, by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

The County's Counterclaims may be barred, in whole or in part, as the County's damages, if any, were caused by its own failures to exercise its rights and obligations under the Lease and/or License Agreement, and/or the County's failure to mitigate any alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The County's Counterclaims may be barred because Million Air's performance under the Lease and/or License Agreement was excused.

Million Air reserves all rights to change, amend, and/or supplement its Answers and Affirmative Defenses to the County's Counterclaims, and to assert any additional defenses that may be available based upon the facts as they become known through discovery or during any trial of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Million Air respectfully requests that the Court enter judgement:

a. dismissing the County's Counterclaims with prejudice;

b. awarding Million Air costs and attorneys' fees as allowed by law; and

c. awarding Million Air such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
November 15, 2022

                              YANKWITT LLP

                              /s/ Russell M. Yankwitt
                              Russell M. Yankwitt
                              Ross E. Morrison
                              Jonathan Ohring
                              140 Grand Street, Suite 705
                              White Plains, New York 10601
                              Tel.: (914) 686-1500
                              Fax:(914) 487-5000
                              russell@yankwitt.com
                              ross@yankwitt.com
                              jonathan@yankwitt.com

                              *Counsel for Plaintiff*