

Office of the Westchester County Attorney
John M. Nonna, County Attorney

January 6, 2023

**VIA ECF**

Hon. Vincent L. Briccetti
United States District Court, SDNY
300 Quarropas Street, Room 630
White Plains, NY 10601-4150

Re:  *White Plains Aviation Partners, LLC v. County of Westchester*, 21-cv-5312
Letter-Motion for Discovery Conference

Dear Judge Briccetti:

The County of Westchester, defendant in the above-captioned matter, writes to respectfully request a discovery conference in accordance with Rules 1.B and 2.B of the Court's Individual Practices. The parties met and conferred, via telephone and e-mail, on several occasions but have been unable to resolve the disputes set forth below.

## Million Air's Responses to Certain Interrogatories

*Background*

On November 23, 2022, in accordance with the Court's Third Revised Civil Discovery Plan and Scheduling Order, Westchester served Plaintiff with the following interrogatories. Each interrogatory is drawn from Plaintiff's own allegations and are directly relevant to Plaintiff's claim that Westchester acted in bad faith regarding the stormwater system Plaintiff built on the Leased Premises at the Airport:

> 3.  Identify, by name, which specific person(s) "advised Million Air to complete and submit a Stormwater Pollution Prevention Plan (SWPPP) covering *both* the Proposed Improvements and the Modified Hangar," as alleged in Para. 91 of the Amended Complaint.
> 4.  Identify, by name, which specific person(s) "asked Million Air to prepare an Environmental Assessment (EA) covering *both* the Proposed Improvements and the Modified Hangar," as alleged in Para. 92 of the Amended Complaint.
> 5.  Identify, by name, which specific person(s) "instructed Million Air to submit a stormwater management plan incorporating *both* the Proposed Improvements and the Modified Hangar," as alleged in Para. 97 of the Amended Complaint.

> 6. Identify, by name, which specific person(s) told Million Air that the County wanted "a comprehensive stormwater system that would be put in place simultaneously with the construction of the Modified Hangar," as alleged in Para. 98 of the Amended Complaint.
>
> 7. Identify, by name, which specific person(s) "instructed Million Air to complete the Proposed Improvements *without* such a stormwater system," as alleged in Para. 120 of the Amended Complaint.

Plaintiff's response to each of these interrogatories was virtually identical:

> Million Air objects to this interrogatory because it duplicates a prior interrogatory ... served by the County in its First Set of Interrogatories, dated May 9, 2022. Subject to and without waiving this objection, Million Air refers to its objections and responses ... in its Responses to Defendant's First Set of Interrogatories, dated June 9, 2022. Million Air reserves the right to supplement this Response based on any relevant materials or information identified during discovery in this action, or for any other appropriate reason.

The June 9, 2022 objections[1] that Million Air referenced each read as follows:

> Million Air repeats and incorporates the General Objections set forth above. Million Air further objects to this Interrogatory to the extent it seeks information that exceeds the scope of Local Civil Rule 33.3, and to the extent it calls for information in Plaintiff's possession, custody, or control. Subject to and without waiving any of the foregoing objections, Million Air refers to the individuals identified in Million Air's Initial Disclosures, dated May 6, 2022, in this action in response to this Interrogatory. ...

The May 6, 2022 Initial Disclosures that Million Air referenced listed 19 individuals "likely to have discoverable information that Million Air may use to support its claims in this matter," 11 of whom were employed by (or agents of) Westchester.

Westchester also served Million Air with the following interrogatory, which is directly relevant to the counterclaim that Million Air violated a License Agreement between the parties by refusing to vacate the Licensed Premises following the expiration of the License Agreement:

> 8. Identify, by name, which specific person(s) gave Million Air "the County's express consent and approval" to use the Licensed Premises following the expiration of the License Agreement, as alleged in Para. 10 of Plaintiff's Answer to Defendant's Counterclaims (ECF No. 69).

---

[1] The parties had previously met and conferred about Plaintiff's June 9, 2022 objections and responses, with Westchester asserting that they were deficient. The parties were unable to resolve the dispute then, as now.

Million Air responded to this interrogatory[2] as follows:

> Million Air repeats and incorporates the General Objections set forth above. Million Air further objects to this Interrogatory to the extent it seeks information that exceeds the scope of Local Civil Rule 33.3, and to the extent it calls for information in the County's possession, custody, or control. Subject to and without waiving any of the foregoing objections, Million Air refers to the individuals identified in Million Air's Initial Disclosures, dated May 6, 2022, and its Supplemental Initial Disclosures, dated November 18, 2022, in this action in response to this Interrogatory. ...

*The Parties' Dispute*

None of the foregoing interrogatories exceed the scope of Local Civil Rule 33.3(a), which permits a party to "seek[] *names* of witnesses with knowledge of information relevant to the subject matter of the action" (emphasis added). Plaintiff's objections, which refer to a *list* of names and essentially tell the County to figure it out from there, are non-responsive to these straightforward interrogatories.

Nor do the interrogatories exceed the scope of Local Civil Rule 33.3(b), as they "entail 'comparatively simple responses' rather than 'long narrative explanations.'" *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646 (LAK)(JCF), 2013 U.S. Dist. LEXIS 154527, at *9 (S.D.N.Y. Oct. 28, 2013). At the parties' meet-and-confer, Million Air argued that these interrogatories could be posed as deposition questions, but that position has been rejected by at least one other court in this District. *See id.* at *10. Interrogatories are intended to help parties determine who should even *be* deposed; Westchester seeks nothing more than specific names.

### Million Air's Assertion of Privilege Over Bohler Documents

*Background*

On June 28, 2022, Westchester asked Plaintiff's counsel to accept service of a deposition notice and document request for Brian Ehnes, an employee of Bohler Engineering who worked on the stormwater system for Million Air. Counsel finally responded on August 15, 2022, stating that "Brian Ehnes is a Bohler employee, and Million Air does not have possession, custody, or control over his documents at Bohler." Counsel further stated that Plaintiff would not accept service of a deposition notice or document request for Ehnes.

Westchester was thus forced to serve third-party subpoenas, to which Bohler's counsel responded on October 18, 2022, stating, in relevant part:

> Please note that Bohler withheld one document from the production, document entitled "Meeting Summary Bohler to Million Air Team 1-25-18.msg." Bohler's

---

[2] At the parties' December 19, 2022 meet-and-confer, Plaintiff's counsel indicated that Million Air would reconsider its response to this interrogatory (No. 8), but has not responded further as of this letter.

3

understanding is that Million Air has or will interpose an objection to Bohler producing that particular document.

Bohler's counsel did not indicate the basis of Million Air's objection.

At an October 26, 2022 meet-and-confer, Westchester asked Million Air to set forth its basis for directing Bohler to withhold the document in question. Million Air finally responded on December 9, 2022, stating that "the basis for the withholding of the referenced Bohler document is as follows":

| Date | From | To | CC | BCC | Description | Privilege |
|---|---|---|---|---|---|---|
| 1/25/2018 | Eon Nichols (Cuddy & Feder) | Keith Cahill (Bohler), Roger Woolsey (MA), Jeff Mickler (Jacob White), Sean Mickler (Jacob White), Ralph Brandifino (MA), Daniel Laub (Cuddy & Feder) | Bryan Ehnes (Bohler) | -- | Email chain containing attorney-client communication regarding lease amendment and the proposed new hangar | Attorney-client privilege (agency exception and functional equivalent exception) |

Following a subsequent meet-and-confer on December 19, 2022, Westchester e-mailed Million Air as follows:

> [P]lease indicate approximately how many documents Million Air intends to assert "Attorney-client privilege (agency exception and functional equivalent exception)" over, with respect to Bohler Engineering. As I mentioned on the phone, Bohler represented there was just a single document entitled "Meeting Summary Bohler to Million Air Team 1-25-18.msg." Your priv log entry below, however, indicates that there are at least two documents in question – an e-mail from Bohler to Million Air, and Eon Nichols' response.

To date, Westchester has not received a response, nor has Million Air provided a formal log reflecting any assertions of privilege beyond the single entry reflected above. Thus, it is unclear just how many documents are impacted by this issue.

*The Parties' Dispute*

The above entry reflects a privilege claim over an "email chain" on the basis of the "agency exception and functional equivalent exception." It appears Million Air must assert such

exceptions because four individuals who received the e-mail chain—Keith Cahill, Bryan Ehnes, Jeff Mickler and Sean Mickler—are neither attorneys nor Million Air employees, and any attorney-client privilege between Eon Nichols and Million Air was otherwise waived.

The agency exception "prevents waiver of communications made through an agent where the agent is facilitating communications between the attorney and the client and where disclosure of the communications to the agent is necessary (not merely useful) for the *client* to obtain informed legal advice." *Homeward Residential, Inc. v. Sand Canyon Corp.*, 12-cv-5067 (JFK) (JLC), 2017 U.S. Dist. LEXIS 171685, at *38 (S.D.N.Y. Oct. 17, 2017). Plaintiffs have not explained why Bohler Engineering employees Cahill and Ehnes, and Jacob White Construction employees Jeff Mickler and Sean Mickler, were each so necessary that, without them, Eon Nichols would have been unable to render legal advice to his client, Million Air. *See Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14-cv-585 (AJN), 2014 U.S. Dist. LEXIS 175552, at *4 (S.D.N.Y. Dec. 19, 2014) ("[T]he Court notes that this exception is most often applied in the context of a translator or an accountant").

The functional equivalent exception provides that "communications between a company's lawyers and its independent contractor merit protection if, by virtue of assuming the functions and duties of full-time employee[s], the contractor is a *de facto* employee of the company." *Exp.-Imp. Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.*, 232 F.R.D. 103, 113 (S.D.N.Y. 2005) (Francis, M.J.) (collecting cases). Notably, this exception has never been formally recognized by the Second Circuit. *See Church & Dwight Co.*, 2014 U.S. Dist. LEXIS 175552, at *3-6. Regardless, Westchester is not convinced that the third-party Bohler Engineering and Jacob White Construction employees who received the correspondence were all *de facto* Million Air employees, particularly given that Million Air refused to accept service of Ehnes' document request and deposition notice on behalf of Bohler.

Even assuming privilege was properly asserted, it is clear that the subject e-mail chain included an *underlying* e-mail from Bohler to Million Air summarizing a January 2018 meeting between Bohler and Westchester, *and* Eon Nichols's response. While the latter may contain protected legal advice, Westchester is at least entitled to the underlying factual summary of this meeting. Notably, the January 2018 meetings with Westchester are also the subject of some of the interrogatories at issue, and are a critical part of Plaintiff's vague "bad faith" claim regarding the Airport's stormwater system. (*See* Am. Compl. ¶¶ 93-97.) It is long past time for Million Air to flesh out this claim.

********

Westchester is available for a discovery conference at the Court's convenience. Thank you for your consideration.

Sincerely,

/s/ *David H. Chen*
(914) 995-3616
dhca@westchestergov.com
*Counsel for Defendant*

cc:     Counsel of record (via ECF)